# Third District Court of Appeal
## State of Florida

Opinion filed October 26, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0316
Lower Tribunal No. 20-2748
_____

**Ivan Kapitanov,**
Appellant,

vs.

**Spinnaker Bay at the Waterways
Condominium Association, Inc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Sunrise Law Firm PLLC, and Anna V. Perekotiy, and Philip Michael Cullen III, for appellant.

Israel, Israel & Associates, P.A., and Eric J. Israel and David B. Israel (Davie); Association Law Group, P.L., and Joel M. Gaulkin; Vernis & Bowling of Miami, P.A., and Evelyn Greenstone Kammet and Miguel Espinosa, for appellees.


Before EMAS, LINDSEY, and GORDO, JJ.

PER CURIAM.

Appellant Ivan Kapitanov appeals an order granting Appellees' Mariner Village Community Association, Spinnaker Bay at the Waterways Condominium Association, and Spinnaker Bay Townhomes Community Association motions to dismiss.[1]  Kapitanov was given five opportunities to plead a cause of action and did not do so.  "Where a trial court grants a motion to dismiss with prejudice based on too many attempts to plead a cognizable complaint, we review such dismissal for abuse of discretion." Griffin v. City of Sweetwater Police Dep't, 319 So. 3d 89, 92 (Fla. 3d DCA 2021) (citing Kohn v. City of Miami Beach, 611 So. 2d 538, 539 (Fla. 3d DCA 1992)).  Historically, we have affirmed dismissals with prejudice when more than three attempts have been made to properly state a claim:

> While there is no magical number of amendments which are allowed, we have previously observed that with amendments beyond the third attempt, dismissal with prejudice is generally not an abuse of discretion. There is simply a point in litigation when defendants are entitled to be relieved from the time, effort, energy, and expense of defending themselves against seemingly vexatious claims.

Kohn, 611 So. 2d at 539 (citations omitted).

Affirmed.

---

[1] As this is an order dismissing Appellant's case with prejudice, this Court has jurisdiction under Florida Rule of Appellate Procedure 9.030(b)(1)(A).